```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


CAYTRANS PROJECT SERVICES                        CIVIL ACTION
AMERICAS, LTD.

v.                                               NO. 20-414

BBC CHARTERING & LOGISTICS
GmbH & CO. KG, ET AL.                            SECTION "F"
```

ORDER AND REASONS

Before the Court is the motion of BBC Global, BBC USA, and BBC Chartering to dismiss Caytrans' complaint. For the reasons that follow, the motion is GRANTED.

**Background**

The controller of a two-member LLC bilked the business of $6 million. This case concerns who is to blame: One member says the other could and should have stopped the theft. At issue now is whether an LLC is an indispensable party in a derivative suit one member brings against the other.

This suit stems from a shareholders' agreement between Caytrans and BBC Chartering. Executed in 2006, the agreement formed a Louisiana LLC, Caytrans BBC, to operate chartered marine vessels. Ownership of the newly formed LLC was split between its two members—Caytrans and BBC Chartering—until 2016. That year, BBC

1

Chartering transferred its shares to BBC Global, which assumed BBC Chartering's obligations under the shareholders' agreement.

Two features of that agreement bear mention. First, it provided for the appointment of two commercial agents to run Caytrans BBC's operations: BBC USA and Dan-Gulf Shipping. Second, it made BBC Chartering or BBC USA responsible for "[a]ll accounting" for Caytrans BBC.

To help with accounting, BBC Chartering and BBC Global hired Dan-Gulf Shipping's controller, Deepak Jagitiani, who goes by "Jack." Jack's duties included "maintaining Caytrans BBC's general ledger, preparing financial statements, monitoring cash flows, and preparing weekly financial reports." He was paid and supervised by BBC Chartering and BBC Global from 2007—2019.

In January 2019, Jack told Caytrans BBC's management that the company lacked the cash it needed to "meet certain obligations." In response, the company asked Jack to "provide complete financial information." He instead resigned.

After Jack's resignation, Caytrans BBC's management began investigating Jack's handling of company financials. They discovered that he had embezzled almost $6 million. Caytrans BBC has not recovered any of these funds, and BBC Chartering and BBC Global have allegedly failed to pay any of the costs of the investigation.

To recover the lost $6 million, Caytrans BBC, Caytrans, and Dan-Gulf Shipping sued Jack, Jack's wife, and a former payroll-services provider in Louisiana state court.[1] Neither BBC Chartering nor BBC Global is a party to the suit.

A few months after filing that suit, Caytrans filed this one. Here, Caytrans sues BBC Chartering, BBC Global, and BBC USA for (1) breach of contract, (2) breach of fiduciary duty, (3) "gross negligence," and (4) violations of the Louisiana Unfair and Deceptive Trade Practices Act. Caytrans says that this is a "derivative action" to recover the damages it suffered as a member of Caytrans BBC. But Caytrans did not sue, or sue on behalf of, Caytrans BBC. That company's absence raises a question: In a derivative suit one LLC member brings against the other, is the LLC an indispensable party? More on that later.

The basis for jurisdiction is diversity. See 28 U.S.C. § 1332(a)(1). Caytrans is a Louisiana corporation with a principal place of business in Louisiana. BBC Chartering and BBC Global are German companies. BBC USA is a Texas LLC with one member: BBC Global; so BBC USA is a German citizen for purposes of diversity. See Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th

---

[1] Counsel for Caytrans in this case is counsel for Caytrans BBC in the state case. That is odd. In this case, Caytrans alleges, essentially, that Caytrans BBC stymied the investigation into Jack's theft. See Third Amended Complaint, ¶ XXII. The pleadings thus suggest that the interests of counsel's clients may not align.

Cir. 2008). The company conspicuously absent from the case, Caytrans BBC, is a Louisiana LLC whose joinder—all agree—would destroy diversity.

Emphasizing the absence of Caytrans BBC, the defendants move to dismiss Caytrans' complaint for failure to join a party under Rule 19.[2] See FED. R. CIV. P. 12(b)(7).

I.

In this diversity case, joinder is an issue of federal law. See Provident Tradesmens Bank & Tr. Co. v. Patterson, 390 U.S. 102, 125 n.22 (1968). Federal law allows a party to move to dismiss for "failure to join a party under Rule 19." FED. R. CIV. P. 12(b)(7). Rule 19 requires a "two-step inquiry" that is "highly practical" and "fact-based." Hood ex rel. Miss. v. City of Memphis, Tenn., 570 F.3d 625, 628 (5th Cir. 2009).

Step one is simple. The Court decides if a party is "required" under Rule 19(a). Hood, 570 F.3d at 628. If so, the party must be joined unless joinder will destroy jurisdiction. FED. R. CIV. P. 19(a)(1). A party is "required" if

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that

---

[2] The defendants also moved to dismiss on the ground that Caytrans' complaint does not comply with Rule 23.1, governing derivative actions. In response, Caytrans filed a verified third amended complaint. Because the latest complaint complies with Rule 23.1, the defendants Rule 23.1-based contentions are moot.

4

>   person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1). If the party is "required," and its joinder will destroy diversity, the Court moves to step two. See Moss v. Princip, 913 F.3d 508, 515 (5th Cir. 2019).

Step two concerns consequences. The Court decides the effect of the required party's absence: Should the case "proceed among the existing parties or . . . be dismissed"? FED. R. CIV. P. 19(b). That decision is guided by "equity and good conscience." Id. If the case can proceed, the missing party is "merely necessary"; if it cannot, the party is "indispensable."³ Moss, 913 F.3d at 515. To decide if a party is "indispensable," the Court considers four factors:

>   (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

---

³ The Court recognizes that the Advisory Rules Committee "discarded as redundant" the "indispensable" label, which "was used only to express a conclusion reached by applying the tests of Rule 19(b)." FED. R. CIV. P. 19, COMMITTEE NOTES ON RULES—2007 AMENDMENT. But the label remains useful as familiar expression of that conclusion, and the Fifth Circuit apparently agrees. See, e.g., Moss, 913 F.3d at 515 (deploying the label sixteen times).

5

 (2) the extent to which any prejudice could be lessened or avoided by:
  (A) protective provisions in the judgment;
  (B) shaping the relief; or
  (C) other measures;

 (3) whether a judgment rendered in the person's absence would be adequate; and

 (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

FED. R. CIV. P. 19(b); Moss, 913 F.3d at 515. Factors differ from formulas. And there is no "prescribed formula for determining in every case whether a person is an indispensable party." Provident Tradesmens Bank, 390 U.S. at 118 n.14. The decision to dismiss or proceed can be made only "'in the context of the particular litigation.'" Moss, 913 F.3d at 515 (quoting Provident Tradesmens Bank, 390 U.S. at 117); see also Republic of Philippines v. Pimentel, 553 U.S. 851, 863 (2008) ("[T]he issue of joinder can be complex, and determinations are case specific.").

 The party pressing joinder "has the initial burden of demonstrating that a missing party is necessary[.]" Hood, 570 F.3d at 628. If "an initial appraisal of the facts indicates that a possibly necessary party is absent," however, the party opposing joinder has "the burden of disputing this initial appraisal." Pulitzer-Polster v. Pulitzer, 784 F.2d 1305, 1309 (5th Cir. 1986).

II.

BBC Charter, BBC Global, and BBC USA move to dismiss the complaint for failure to join Caytrans BBC, an allegedly indispensable party. Dismissal is appropriate only if the Court finds that: (A) Caytrans BBC is a "required" party that cannot be joined; and (B) the case, "in equity and good conscience," should be dismissed. FED. R. CIV. P. 19.

A.

Both sides agree on two points. They agree that Caytrans BBC is a "required" party under Rule 19(a). And they agree that Caytrans BBC cannot be joined because its Louisiana citizenship destroys diversity. Their agreement is well founded.

First, Caytrans BBC is "required" under Rule 19(a) because the Court cannot "accord complete relief in its absence." FED. R. CIV. P. 19(a)(1)(A). This is a derivative action; through it, Caytrans aims to recover its share of the losses Caytrans BBC suffered as a result of Jack's theft. Those losses belong to Caytrans BBC, a juridical person "wholly separate" from its members. Ogea v. Merritt, 2013-1085 (La. 12/10/13); 130 So. 3d 888, 894–95 (citing LA. CIV. CODE art. 24); see LA. REV. STAT. § 12:1329 ("A member shall have no interest in limited liability company property."). Suppose Caytrans prevails on the merits. If Caytrans BBC were not joined, the Court could not award Caytrans

7

BBC the damages to which it would be entitled. See, e.g., Ross v. Bernhard, 396 U.S. 531, 538 (1970).[4] The parties are therefore correct that Caytrans is a Rule 19(a) "required" party.

Second, Caytrans BBC cannot be joined because its Louisiana citizenship destroys diversity. Caytrans BBC is an LLC, so its citizenship is determined by the citizenship of its members. See Harvey, 542 F.3d at 1080. One member, Caytrans, is a Louisiana corporation with a principal place of business in Louisiana; so Caytrans BBC is a Louisiana citizen for purposes of diversity. See Harvey, 542 F.3d at 1080. And Caytrans BBC would, if joined, be aligned as a defendant because Caytrans alleges facts showing that Caytrans BBC's management is "definitely and distinctly opposed to . . . litigation." Swanson v. Traer, 354 U.S. 114, 116 (1957). Once joined and aligned as a defendant, Caytrans BBC would destroy diversity because it shares the Louisiana citizenship of the plaintiff, Caytrans. See McLaughlin v. Miss. Power Co., 376 F.3d 344, 353 (5th Cir. 2004).

Accordingly, Caytrans BBC is a "required" party whose joinder is not "feasible" because its Louisiana citizenship would destroy diversity. FED. R. CIV. P. 19(a). With step one resolved, the Court moves to step two. See FED. R. CIV. P. 19(b).

---

[4] Although Ross was a derivative suit brought on behalf of a corporation, both sides agree that it controls the question whether Caytrans is a "required" party.

8

B.

Step two requires the Court to "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." FED. R. CIV. P. 19(b). To make that determination, the Court examines the Rule 19(b) factors.

1.

The first factor is the extent to which a judgment rendered in Caytrans BBC's absence might prejudice Caytrans BBC or the existing parties. FED. R. CIV. P. 19(b)(1). It favors dismissal.

Consider the prejudice to Caytrans BBC. As a Louisiana LLC, it is "wholly separate" from its members. Ogea, 130 So. 3d at 894–95. Separate too are its "rights, duties, and liabilities." LA. REV. STAT. § 12:506(A). Its members enjoy corporate-like limited liability, see LA. REV. STAT. § 12:1320(B), and the right to "assert a claim against" it, LA. REV. STAT. § 12:506(E). Its separate status, separate susceptibility to suit, separate rights, and separate liabilities, suggest separate interests—interests unrepresented and therefore unprotected here. Joinder would protect those interests. That is why, for example, the plaintiff in a Louisiana state-court derivative action must "[j]oin as defendants the corporation or unincorporated association and the obligor against whom the obligation is sought to be enforced." LA. CODE CIV. PROC. art. 615. A judgment rendered in Caytrans BBC's absence would

9

plainly prejudice Caytrans BBC because it would fail to account for Caytrans BBC's distinct interests.

Next, consider the prejudice to the defendants. They have an interest in "avoid[ing] multiple litigation, or inconsistent relief, or sole responsibility for a liability [they] share[] with another." Provident Tradesmens Bank, 390 U.S. at 110. A judgment rendered in the absence of Caytrans BBC and the defendants in the state-court suit (Jack, Jack's wife, and Caytrans BBC's former payroll-services provider) could frustrate the defendants' interest in avoiding "sole responsibility" for Jack's theft and resolving, globally, all claims arising from that theft. Provident Tradesmens Bank, 390 U.S. at 110.

2.

The second factor is "the extent to which any prejudice could be lessened or avoided by: (1) protective provisions in the judgment; (2) shaping the relief; or (3) other measures." FED. R. CIV. P. 19(b)(2). Neither side meaningfully applies this factor to the facts of this case, and it is not clear what measures the Court could take to lessen or avoid the prejudice to the absent party, Caytrans BBC.[5] This factor is neutral.

---

[5] The Court could reduce some prejudice to the defendants by enjoining Caytrans from filing another suit that names them and arises from Jack's theft. But that injunction would not eliminate other forms of prejudice. As noted, the defendants have an interest in avoiding "sole responsibility" for Jack's theft, and they are

10

3.

The third factor is whether a judgment rendered in Caytrans BBC's absence would be adequate. FED. R. CIV. P. 19(b)(3). This factor implicates the "interest of the courts and the public in complete, consistent, and efficient settlement of controversies." Provident Tradesmens Bank, 390 U.S. at 111. An "adequate" judgment protects "this public stake in settling disputes by wholes, whenever possible[.]" Id.

A judgment rendered in Caytrans BBC's absence would be inadequate because it would be inefficient, incomplete, and (potentially) inconsistent. Pending in Louisiana state court is a suit arising from the same theft, seeking recovery for the same loss. That suit and this one raise one controversy that should be litigated to one judgment in one court. That one court must be a state court: Owing to the absence of complete diversity among all involved, no federal court would have subject-matter jurisdiction.[6] But the Louisiana state court would. Because that court could hear both suits, the dual-track litigation Caytrans has created is needlessly inefficient. Parallel litigation would also produce two

---

prejudiced by Caytrans' strategic choice not to join other allegedly responsible parties. What is more, entry of the suggested injunction would do nothing to reduce the prejudice to the absent entity, Caytrans BBC, whose separate interests would remain unprotected.

[6] Neither suit raises a federal question or supplies any other discernible basis for federal jurisdiction.

11

incomplete judgments; neither could account for the conduct of all persons allegedly responsible for Jack's theft. Worse, the judgments could conflict on key issues, such as the amount of loss attributable to the alleged theft and the allocation of responsibility for that loss. So, the third factor favors dismissal.

4.

The fourth and final factor asks whether Caytrans "would have an adequate remedy if the action were dismissed for nonjoinder." FED. R. CIV. P. 19(b)(4). It would. As noted, Caytrans filed a similar suit in Louisiana state court. There, Caytrans can assert the derivative claims it asserts here. Caytrans does not contend that dismissal would deprive it of a remedy. Nor can it. Caytrans can simply amend its state-court complaint to add claims against BBC Global, BBC Chartering, and BBC USA. Neither side suggests that such claims would be prescribed, or that the Louisiana state court would disallow such an amendment. Accordingly, this factor also favors dismissal.

*   *   *

Three of Rule 19(b)'s four factors favor dismissal. The Court therefore finds that, "in equity and good conscience," this action should be dismissed. FED. R. CIV. P. 19(b).

C.

Eschewing rigorous Rule 19 analysis, the parties spar over the application of a recent Fifth Circuit opinion on the indispensability of a Texas partnership in a suit among its four partners. See Moss, 913 F.3d at 515.

Moss is instructive but not controlling. There, two members of a four-member Texas partnership sued the other members and the partnership in state court. Id. at 512. The defendants removed the case based on diversity. Id. The case went to trial, and the jury found for the plaintiffs. Id. at 513. Post-verdict, the defendants moved to dismiss for lack of subject-matter jurisdiction on the ground that the partnership's Texas citizenship destroyed diversity. Id. In response, the plaintiffs moved to sever the partnership under Rule 21, contending the partnership was a dispensable nondiverse party. Id. The district court agreed, severed the partnership, and entered judgment. Id. The defendants appealed. Id.

On appeal, the defendants said the district court lacked subject-matter jurisdiction because the partnership was an indispensable party that could not be severed. Id. The Fifth Circuit disagreed. Id. at 520-21. The district court did not abuse its discretion in severing the partnership, the Fifth Circuit

reasoned, because the partnership was dispensable.[7] Id. The court said its decision "reflect[ed] the unique relationship between the partnership's interests and the interests of each of its partners." Id. at 518. Those interests were "fully represented" because the partnership was a party "throughout the litigation," and each of the partnership's four partners appeared in the district court. Id. at 519. Timing, too, was critical. The defendants first challenged jurisdiction after they lost at trial. Id. At that point, the plaintiffs had a keen "'interest in preserving a fully litigated judgment[.]'" Id. at 519 (quoting Provident Tradesmens Bank, 390 U.S. at 112). And that interest could "'be overborne only by rather greater opposing considerations than would be required at an earlier stage.'" Moss, 913 F.3d at 519 (quoting Provident Tradesmens Bank, 390 U.S. at 112).

This case differs in four critical respects. First, the entities involved. Moss concerned a Texas partnership, and this case concerns a Louisiana LLC. The "unique relationship" that drove the analysis in Moss is not present here.[8] Second, the nature of the actions. Moss was not a true derivative action; this case is.

---

[7] The Moss court also affirmed the district court's severance of a non-diverse Texas LLC. Because the defendants "d[id] not argue that the LLC should be treated differently from the partnership in [the] jurisdictional inquiry," the court "extend[ed]" its analysis of the partnership to the LLC. Moss, 913 F.3d at 521.

[8] Caytrans does not explain why the Court should treat a Louisiana LLC like a Texas partnership.

14

Third, the timing of the jurisdictional objection. In Moss, the defendants did not challenge jurisdiction until they lost at trial. A dismissal at that point would have proved enormously prejudicial to the plaintiffs. Here, by contrast, the defendants promptly challenged jurisdiction at the pleadings stage. Fourth and finally, the party that chose the federal forum. The Moss defendants removed the case to federal court, only to disclaim federal jurisdiction years later. But, here, Caytrans chose to sue in federal court, even though a state forum was available.

Beyond Moss, Caytrans invokes a slew of out-of-circuit district-court decisions that (Caytrans says) hold that LLCs "are not indispensable to a derivative suit when the interests of the LLC are adequately represented because all members are parties." As noted, however, the "interests" of Caytrans BBC are not "adequately represented." Caytrans BBC is a Louisiana LLC, with rights and duties defined by Louisiana law. Caytrans has not meaningfully engaged with that law or explained how or why the interests of LLCs created under the laws of other states should inform an analysis of the interests of Caytrans BBC. The Court declines the invitation––extended by both sides––to adopt a bright-line rule regarding the indispensability of an LLC in a derivative suit in which all members are parties. That rule would resemble the "prescribed formula" the case literature forbids. Provident Tradesmens, 390 U.S. 102 at 118 n.14.

III.

A party "may not manufacture diversity jurisdiction by failing to join a non-diverse indispensable party." Bankston v. Burch, 27 F.3d 164, 168 (5th Cir. 1994). That is what Caytrans did here: It strategically omitted Caytrans BBC, an indispensable non-diverse party, to create diversity. Its strategy kept the case out of state court, allowing it to avoid a state procedural rule that would have required its counsel to sue a client, Caytrans BBC. See La. Code Civ. Proc. art. 615. That strategy has consequences.

Accordingly, IT IS ORDERED: that the motion to dismiss is GRANTED. Caytrans' verified third amended complaint is dismissed without prejudice for failure to join a party under Rule 19.

New Orleans, Louisiana, July 22, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE