UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAYTRANS PROJECT SERVICES AMERICAS, LTD. | CIVIL ACTION |
| v. | NO. 20-414 |
| BBC CHARTERING & LOGISTICS GmbH & CO. KG, ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiff's motion for reconsideration of the Court's July 22, 2020 Order and Reasons granting the defendants' motion to dismiss in light of the plaintiff's failure to join an indispensable party under Rule 19. For the reasons that follow, the motion is DENIED.

**Background**

This Order and Reasons assumes familiarity with the Court's July 22, 2020 Order and Reasons on the aforementioned motion to dismiss (the "Order"). In that decision, the Court recounted the background of this commercial dispute and explained the basis for its finding that non-party Caytrans BBC is "required" under Rule 19(a) and "indispensable" under Rule 19(b).

I.

While the plaintiff dutifully rehashes its arguments to the contrary, two decisive facts remain: one, that Caytrans BBC is

1

indeed required under Rule 19(a), and two, that its absence from this action compels dismissal of the plaintiff's complaint.

As detailed in the Order, the plaintiff's arguments concerning the Rule 19(b) factors fall flat. At bottom, they are largely reducible to the single assertion that, in function if not in form, Caytrans BBC *is* present in this litigation through its two 50% members. But while the functional looseness of this contention has some appeal, it blinks at the reality that Caytrans BBC is *in fact* a distinct and individual entity under Louisiana law. This reality cannot be ignored and colors much of the Order at issue - and tellingly, the plaintiff is loath to address it head on.

As important in the context of this motion for reconsideration is the fact that the plaintiff's motion fails to overcome - or, in some places, even *address* - the sound reasons the Court provided for dismissing this action in favor of an already-pending state-court action that promises to achieve a more complete, just, and efficient result for all parties involved. That determination was well within the Court's discretion under Rule 19(b) and satisfied the Court's obligation to weigh all relevant factors "in equity and good conscience." As such, it cannot be said that the Order

would work a manifest error of law or injustice, and the Court declines the plaintiff's invitation to reconsider it.[1]

Accordingly, IT IS ORDERED: that the plaintiff's motion for reconsideration is DENIED.

New Orleans, Louisiana, September 14, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1]  As if the Court needed any additional confirmation, it learned just days before this motion's submission that the plaintiff filed a new state-court lawsuit that further – if not completely - undermines its arguments for reconsideration.  The plaintiff's filing of that suit heightens the prejudice this action may engender, promises to make any remedies ordered in this action even less adequate, and amounts to a concession that the plaintiff will not lack a parallel opportunity to achieve an adequate remedy if this action is dismissed.  As such, those facts provide yet more reason for denying the plaintiff's motion for reconsideration.

Of further note is the fact that the plaintiff filed the aforementioned state-court suit just *one day* after it filed this motion for reconsideration.  All the while, counsel made no mention of that fact to the Court or opposing counsel.  That makes it clear that the plaintiff should never have filed this motion.  Or, at the very least, it should have withdrawn this motion as soon as it decided to reverse course by filing a state-court suit.  By failing to do so, plaintiff's counsel has wasted the Court's time and forced opposing counsel to brief a silly motion.  For that reason, the Court notes counsel's poor judgment in this regard and refers counsel to 28 U.S.C. § 1927.