```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

CAYTRANS PROJECT SERVICES                                CIVIL ACTION
AMERICAS, LTD.

v.                                                       NO. 20-414

BBC CHARTERING & LOGISTICS
GmbH & CO. KG, ET AL.                                    SECTION "F"

                        ORDER AND REASONS

   Before the Court is BBC Chartering & Logistic GmbH & Co. KG and BBC Global GmbH & Co. KG's motion to dismiss for failure to join an indispensable party. For the reasons that follow, the motion is DENIED.

                           **Background**

   A joint LLC owned equally by the parties to this case lost at least $5,800,000 as a result of an employee's embezzlement. This lawsuit seeks to pin the blame for the embezzlement on BBC's negligent oversight of the accounting for the LLC. The LLC itself is not a party to this suit. That omission is at the heart of this motion to dismiss. If the LLC were to be joined, the parties would no longer be diverse, and this Court would have no jurisdiction over the action.[1]

---

[1] The case is before the court on diversity jurisdiction. Caytrans is a Louisiana corporation, BBC is a German citizen for purposes

More than two years ago, the parties to this lawsuit discovered that their joint LLC, Caytrans BBC,[2] had been defrauded of more than $5.8 million by one Deepack Jagtiani, known as Jack. Jack was the controller for Dan-Gulf Shipping, which is owned by Niels Busse, who also owns Caytrans. BBC, which under the shareholders' agreement for the LLC is responsible for the LLC's accounting, hired Jack to assist with that obligation. Instead, Jack took the money and ran. In January of 2019, he informed the LLC's management that the company was insolvent. When pressed for further details, he resigned.

Caytrans, the LLC, and Dan-Gulf have all sued Jack, his wife, and Paychex, Inc. (which handled payroll for the LLC) in Louisiana state court. The parties represent that they have not yet recovered any funds from Jack. The claim against Paychex is under arbitration as of August of 2020. In February of 2020, Caytrans filed this suit against BBC, alleging breaches of contract and fiduciary duty as well as negligence as to their duties surrounding the LLC's accounting. After amendments, Caytrans' complaint also includes claims of self-dealing and unfair trade practices.

---

of diversity, and the LLC is a Louisiana LLC. All parties agree that joinder would defeat diversity.
[2] To prevent confusion and for ease of reference, Caytrans BBC, LLC, will be referred to simply as "the LLC" throughout this Order and Reasons.

This is not the first time the Court has been presented with a motion to dismiss for failure to join the LLC. In July of 2020, this Court granted a previous motion to dismiss on these grounds. Plaintiff appealed. Meanwhile, Caytrans filed a similar lawsuit against BBC in state court and, in accordance with local rules, named the LLC as a defendant.

The Fifth Circuit vacated and remanded this Court's Order and Reasons granting the previous motion to dismiss in July of this year. The Fifth advised this Court to "engage in the practical and highly fact-based analysis our Rule 19(b) precedent requires." Caytrans Project Servs. Ams., Ltd. v. BBC Chartering & Logistics GmbH & Co. KG, 2021 U.S. App. LEXIS 18051 at *14 (5 Cir. 2021). BBC timely renewed its motion to dismiss and the Court makes its findings here.

**Analysis**

Rule 12(b)(7) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to join a party under Rule 19. Rule 19 provides in relevant part that when a "required" party cannot be joined, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." The Supreme Court has noted that a corporation is a "necessary party" in any derivative action, as it is "the real party in interest." Ross v. Bernhard, 396 U.S. 531, 538 (1970). Therefore, the Court must

determine whether the party is "indispensable" such that its absence should prevent this case from moving forward. See Moss v. Princip, 913 F.3d 508, 515 (5 Cir. 2019).

The Fifth Circuit has said that "Rule 19 militate[s] in favor of a highly practical, fact-based decision." Pulitzer-Polster v. Pulitzer, 784 F.2d 1305, 1309 (5 Cir. 1986). While there is no "prescribed formula for determining in every case whether a person is an indispensable party," Provident Tradesmens Bank & Tr. Co. v. Patterson, 390 U.S. 102, 118 n.14 (1968), Rule 19 lays out four factors by which courts may adjudge whether an action should continue or be dismissed. The Court will consider each in turn.

A.

The first factor is "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties." Whether the LLC is prejudiced or not depends in large part on the status of the LLC. The parties agree that the LLC is no longer operating and that it is winding down.³ In its motion to dismiss, BBC stated that no dissolution event has occurred, and that the LLC is therefore a fully living and active entity. In response, Caytrans submitted that BBC issued a notice of dissolution on March 18, 2020, and that the company was thereby

---

³ Both parties agree that the LLC still maintains a bank account for receipt of restitution funds, and the LLC is active in at least two state actions and one arbitration.

dissolved (subject to a winding-down period) as of May 18, 2020.[4] BBC admits in reply that its initial statement was "an oversight by counsel," and agrees that the LLC is now winding down.[5]

As the LLC has been dissolved (pending the winding down period), this factor becomes clearer, at least as applied to the LLC. BBC correctly notes that there is a distinction in the case law between dissolved entities and active entities – a finding of prejudice is far less likely when the entity is dissolved. See, e.g., Whalen v. Carter, 954 F.2d 1087, 1093; see also Orpheum Prop. v. Coscina, 2018 U.S. Dist. LEXIS 51723 at *19 (holding that where an LLC was "all but dead," it could not be prejudiced by a judgment in the case). While Caytrans BBC is not "all but dead," it is nearing the end of its life. Upon the conclusion of the various lawsuits which concern the LLC, it will cease to exist; it exists today only insofar as it has an interest in its stolen funds and the surrounding issues. Therefore, there would be no prejudice to the LLC if it is not joined to this litigation.

---

[4] The Shareholder's Agreement provides that the company "shall be dissolved within 60 days, or as soon as possible under the relevant laws" after formal notice is provided. BBC's notice of dissolution, which appears to comply with the relevant provisions in the Shareholder Agreement, is attached to the Opposition as Exhibit 2.

[5] The Court is grateful for counsel's correction on the record, but the initial oversight as to this information remains troubling, especially as the notice of dissolution was given more than two months before BBC filed its first motion to dismiss.

Nor has BBC convincingly demonstrated that the LLC's interests vary from those of the parties. The Fifth Circuit asked this Court to evaluate "whether the Company's interests (although separate under Louisiana law) *varied* in reality from those of Caytrans or BBC." Caytrans, 2021 U.S. App. LEXIS 18051 at *12 (emphasis in original). BBC asserts that the LLC has distinct claims to make concerning Dan-Gulf and Caytrans' actions. As "these are clearly Caytrans BBC's claims to make," to fail to join the party would be to deny the LLC its chance to "make its own claims for recovery of damages in this lawsuit." BBC also submits that BBC would be prejudiced if these claims cannot be made, as the claims could reduce BBC's liability and lead to a greater payout from the LLC to BBC. However, BBC provides no explanation for why it cannot advance those claims itself. As the Fifth Circuit explained, "to the extent that [the LLC] has valid claims against Caytrans, BBC/BBC Global can advance those claims." Caytrans, 2021 U.S. App. LEXIS 18051 at *12-13. Likewise, BBC could advance derivative claims against a third party such as Dan-Gulf, as the plaintiff did in Orpheum. Finally, as it appears that BBC's interests are aligned fully with the LLC's on this front, it remains unclear what *varied* interests the LLC might have. In short, because the LLC appears to have been dissolved, because its interests do not appear to vary from those of the parties, and

because BBC can advance derivative claims itself, this factor weighs against dismissal.

B.

The second factor is "the extent to which any prejudice could be lessened or avoided by (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures." BBC contends that "it's hard to envision how any protective provisions in the judgment … could lessen or avoid the prejudice to Caytrans BBC and defendants that would occur." As the only prejudice BBC identifies – the prejudice resulting from the LLC being unable to file its own claims – may be resolved by derivative claims, it appears that no protective provisions are necessary. If protective provisions are shown to be necessary, however, this Court can take measures to avoid prejudice. For example, Caytrans suggests that the Court can stay this action pending resolution of the state court suit against Jack and his wife and the arbitration against Paychex. This factor weighs against dismissal.

C.

The third factor is "whether a judgment rendered in the person's absence would be adequate." As noted by the Fifth Circuit, "[t]he Supreme Court has interpreted the third Rule 19(b) factor to refer to 'the interest of the courts and the public in complete, consistent, and efficient settlement of controversies.'" Caytrans, 2021 U.S. App. LEXIS 18051 at *17 (quoting Provident

Tradesmens, 390 U.S. at 111).  While the Louisiana state courts had jurisdiction over all claims when this Court previously reviewed this factor, the now-ongoing arbitration against Paychex renders the Court's previous note that all claims could be handled in one court null.  However, as BBC points out, Caytrans filed a lawsuit in state court in August of 2020 with nearly identical claims to this case, which could lead to inconsistent and certainly inefficient resolution on these issues.  In response, Caytrans avers that, if allowed to proceed in federal court, it will voluntarily dismiss its state court claim, which it filed only after this case was initially dismissed.  Assuming Caytrans follows through on this intent, the claims in this case would not overlap with any state court claims.  This factor weighs against dismissal.

### D.

The fourth factor is "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder."  If this action were dismissed for nonjoinder, Caytrans would have an adequate remedy in its now-ongoing state court case.  BBC also notes that there has been no ruling on prescription in the state court and that Caytrans may be able to amend its first lawsuit (which was filed against Jack, his wife, and Paychex) to include BBC.  If the Court were to dismiss this case, it could do so on the condition that BBC waives its not-yet-ruled upon prescription defense in state court.  See 4 Moore's Federal Practice - Civil §

19.05 (2021) ("The district court can make its dismissal conditional on … a [prescription] waiver, as is frequently done in dismissals under the forum non conveniens doctrine."). This factor therefore weighs in favor of dismissal.

### Conclusion

Three of the four Rule 19 factors weigh against dismissal. As the LLC has been dissolved and is winding down, as BBC has failed to show how the LLC's interests vary from those of the parties, and as BBC may bring derivative claims on the LLC's behalf, there is no prejudice to the LLC or to any party as a result of non-joinder. As there is no prejudice, there is no need for protective measures. If there were a need, however, the Court has options and can protect against any prejudice. Judgment rendered in this court would be adequate and, pending Caytrans' dismissal of its similar state court claims, will neither be inefficient nor incomplete. And finally, while Caytrans may have an adequate remedy if this case were dismissed, the balance of factors weighs against dismissal.

Accordingly, IT IS ORDERED: that the motion to dismiss is DENIED.

New Orleans, Louisiana, Sept. 29, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE